SARAH ORLICK et al., Appellants, v. GRANIT HOTEL & COUNTRY CLUB et al., Respondents.—

Christ, P. J., Hopkins and Munder, JJ., concur; Rabin and Benjamin, JJ., dissent and vote to reverse the judgment and grant a new trial, with the following memorandum: Plaintiffs were paying guests at the Granit Hotel where plaintiff Sarah Orlick fell down a flight of four steps, sustaining personal injuries. She fell on the same day she checked into the hotel. Plaintiffs' room was off a corridor and, in order to arrive there, they had to pass through a foyer and walk down the four steps in question. Plaintiffs claimed defendants had been negligent in the construction and maintenance of the corridor, alleging,

*inter alia*, that the stairway had been improperly constructed, as it had no handrails, and also claimed there were no signs or other warnings of the approaching stairway. An architect testified in plaintiffs' behalf that the construction of the stairway was not in accord with the proper standard of care. On cross-examination of one of plaintiffs' witnesses, a member of the hotel's management team, it was adduced that two occupants a day of each of the eight rooms off the corridor, and allowing for vacancies, would result in about 5,000 "people days" of user a year; all accidents were immediately or eventually reported to him; the steps in question were in the same structural condition as when first constructed in the fall of 1961; and he had no knowledge of any accident occurring on the four steps prior to this incident in 1965. In our view the critical aspect of this appeal relates to the following portion of the charge to the jury: "If you find that this stairway had been in daily use for years and that its condition during such use was substantially the same as on the date of the accident, and that during such use there was no other accident, if you find that, such proof *negates* the possibility that the condition of this stairway was a dangerous one" (emphasis added). This portion of the charge was excepted to by plaintiffs without success. The case was submitted to the jury solely on the question of liability and the jury returned a unanimous verdict in defendants' favor. In our view the above-quoted portion of the charge constituted reversible error on the facts of this case and mandates a new trial. In arriving at this conclusion we have fully considered the cases relied on by respondents in addition to others, but have found in each of them far stronger evidence of continued user for a long period of time without any accident than appears in the record at bar. For example, in *De Salvo* v. *Stanley-Mark-Strand Corp.* (281 N. Y. 333) the claim was made that a balustrade in a theatre around an opening in the floor was not high enough to prevent people falling over. The evidence established that the theatre had been operating for 23 years at the time of the accident, during the course of which hundreds of thousands of people passed by the opening and railing without mishap. In *Moore* v. *Board of Educ. of City of N. Y.* (22 A D 2d 919, affd. 19 N Y 2d 621), where an infant plaintiff struck his head on the bottom of a steel cross-beam while descending a flight of stairs in a high school, there was no proof of prior accidents on the stairway although the building had been constructed more than 50 years prior to this incident and during that time there was no change in the construction of the school's stairways. In *Duffy* v. *Owen A. Mandeville, Inc.* (3 A D 2d 756, revd. on other grounds 5 N Y 2d 730) the plaintiff fell from a platform on the foyer floor of a building. There was evidence that there had been no change in the structural condition of the platform and foyer for 20 years and during this 20-year period no one other than the plaintiff had fallen from this platform. The case at bar is in sharp contrast to the above cases. At bar the testimony established that the stairway was constructed in the fall of 1961 and the accident occurred in 1965, a passage of merely four years between the date of construction and the accident. This hardly qualifies as continued user for a "long period" of time. Further, the proof of no prior accidents on the stairway was far from convincing. Plaintiffs' witness on this question of prior accidents stated that, while written reports of accidents were kept, he did not refresh his recollection prior to the trial by examining such records but merely refreshed his recollection as to prior accidents through two conversations with his attorney. On the precise facts of this case, the strong charge, containing language that continued user for a long period of time without any accident "negates the possibility that the condition of this stairway was a dangerous one", was error. That portion of

the charge, duly excepted to by plaintiffs, constitutes reversible error and warrants a new trial.